UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM D. LATHAM                                                                PLAINTIFF

V.                                                            CIVIL ACTION NO. 5:23-cv-102-DCB-FKB

E.A. HINTON WELL SERVICING, INC.;
WILLIAMS WELL SERVICE, INC.;
JOHN DOE ENTITIES 1-10; and JOHN DOES 1-10                  DEFENDANTS

**FIRST AMENDED COMPLAINT**
Jury Trial Demanded

Plaintiff William D. Latham ("Latham" or "Plaintiff"), by and through counsel, hereby files this First Amended Complaint against Defendants E.A. Hinton Well Servicing, Inc. ("Hinton"), Williams Well Service, Inc. ("WWS"), John Doe Entities 1-10, and John Does 1-10 (collectively "Defendants"). In support thereof, Plaintiff states as follows:

1. Plaintiff is an adult resident citizen of Adams County, Mississippi.

2. Defendant E.A. Hinton Well Servicing, Inc. is a corporate citizen of Louisiana who may be served via its registered agent, Jamie Williams at 50 Coles Creek Drive, Oak Ridge, LA 71264 or other agent designated to accept service of process in Mississippi.

3. Defendant Williams Well Service, Inc. is a corporate citizen of Louisiana who may be served via its registered agent, Robert R. Punches at 319 Market Street, Natchez, MS 39121 or other agent designated to accept service of process in Mississippi.

4. John Doe Entities 1-10 are those entities whose identities are currently unknown to the Plaintiff after diligent inquiry but who may be liable in whole or in part for the Plaintiff's injuries alleged herein.

5. John Does 1-10 are those individuals whose identities are currently unknown to the Plaintiff after diligent inquiry but who may be liable in whole or in part for the Plaintiff's injuries

alleged herein. John Doe 1 and 2 are the companies and employees of the companies who were present on the day of the accident and who caused the injuries described herein if those are not properly named already.

6. Venue is proper in this Court since the acts and failures to act described herein occurred in Adams County, Mississippi.

7. Jurisdiction is proper with this Court because the acts and failures to act described herein occurred in Adams County, Mississippi and the amount in controversy exceeds the jurisdictional minimum of this Court.

## FACTS

8. On or about June 5, 2023, Plaintiff was working as an independent contractor of LLOG Exploration Company, LLC on an oil field site in Adams County, Mississippi.

9. On June 5, 2023, Plaintiff was tasked with providing access to a well for a vacuum truck and a "hot oil" truck operated by the Defendants.

10. Plaintiff directed two trucks, a "hot oil" truck and a vacuum truck (or "pump truck") of the Defendants to the site.

11. Upon information and belief, the Defendants' pump truck was not equipped with a "strainer," the object placed on the end of the hose to keep debris from entering the hose while pumping water out of a hole.

12. A sight glass was attached to the end of the hose at the pump truck so liquid being pumped into the truck would be visible.

13. Plaintiff was sitting on the bumper of the pump truck while it was allegedly receiving the liquid from the hose.

14. Plaintiff was sitting on the bumper of the truck watching the sight glass as it began to fill up with clear water.

15. After the sight glass filled up, the next thing Plaintiff remembers is being on the ground. He did not hear the explosion/boom.

16. When the Plaintiff regained his senses, he learned that he had suffered significant injuries as a result of the explosion and immediately sought medical treatment.

### COUNT 1:
### NEGLIGENCE

17. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1-16 above as if fully stated herein.

18. Upon information and belief, one or more of the Defendants were responsible for the operation of the pump truck.

19. Upon information and belief, the Defendants' pump truck was not vented correctly and/or, in the alternative, the valve for the pump truck was not opened properly or otherwise negligently operated, causing the hose to violently disconnect from the pump truck.

20. The failure to properly vent and/or open the pump truck valve or other negligent operation of the Defendants constitutes a breach of the relevant standard of reasonable care for pump truck operation.

21. The negligent operation of the system by the Defendants or the failure to properly vent and/or open the pump truck valve proximately caused the explosion which injured the Plaintiff.

22. The Defendants are vicariously liable for the negligent acts of their employees or agents who were negligent in the operation of the pump truck by failing to vent and/or open the

pump truck valve, causing the explosion under the doctrine of *respondeat superior* and/or the doctrine of agency.

23. As a direct and proximate result of the negligent acts of Defendants and their employees/agents, Plaintiff suffered significant and severe injury.

## COUNT 2:
## NEGLIGENT SELECTION

24. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1-23 above as if fully stated herein.

25. Additionally, and/or in the alternative to Count 1 above, upon information and belief, Defendant Hinton negligently selected other Defendants to operate the pump truck in that Defendant Hinton knew or should have known that Defendants, through their employees and agents, were not properly skilled or trained in how to operate the pump truck safely.

26. Plaintiff affirmatively alleges John Does 1-10 and John Doe Entities 1-10 are those individuals or entities who may have primarily been responsible for the actions of other Defendants who may ultimately be liable for the negligent acts of the employees and/or agents of other Defendants but whose identifies are not presently known to the Plaintiff after diligent inquiry.

27. Defendants Hinton, John Does 1-10, and John Doe Entities 1-10 breached their applicable standard of care by failing to properly ensure that the employees/agents of the other Defendants at the scene were properly skilled and trained in pump truck operation to prevent the injuries suffered by the Plaintiff.

28. Defendants Hinton, John Does 1-10, and John Doe Entities 1-10 breached their applicable standard of care by selecting other Defendants to perform work on the relevant oil field site without verifying that the employees/agents of the other Defendants were properly skilled and trained in pump truck operation to prevent the injuries suffered by the Plaintiff.

29. As a direct and proximate result of the negligent acts of the Defendants, Plaintiff suffered significant and severe injury.

## COUNT 3:
### *RES IPSA LOQUITUR*

30. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1-29 above as if fully stated herein.

31. Plaintiff affirmatively states that pump truck valves do not ordinarily explode.

32. Pump truck valve explosions do not generally happen without negligence.

33. At all times relevant in the Plaintiff's First Amended Complaint, the pump truck was an instrumentality solely in the Defendants' control.

34. The Plaintiff did not contribute to the conditions giving rise to the explosion.

35. As a direct and proximate cause of the explosion, the Plaintiff suffered significant and severe injury.

36. Therefore, the Plaintiff is entitled to recover against Defendants under the doctrine of *res ipsa loquitur.*

## COUNT 4:
### GROSS NEGLIGENCE

37. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1-36 above as if fully stated herein.

38. Upon information and belief, the Defendants and its employees/agents wholly failed to verify if the pump truck valve was properly opened or vented.

39. Such complete failure constitutes a reckless disregard for the safety of others, including the Plaintiff.

40. Upon information and belief, Defendants wholly failed to verify that Defendants and their employees/agents were properly skilled or trained to operate a pump truck prior to selecting the other Defendants to perform its work.

41. Such complete failure constitutes a reckless disregard for the safety of others, including the Plaintiff.

42. Therefore, Plaintiff is entitled to recover punitive damages against the Defendants to punish the Defendants and prevent future similar recklessness.

## DAMAGES

43. Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1-42 above as if fully stated herein.

44. As a direct and proximate result of the negligence and gross negligence identified above, Plaintiff suffered injuries including but not limited to:

a) Past medical bills/treatment;

b) Future medical bills/treatment;

c) Past and present pain and suffering;

d) Future pain and suffering;

e) Permanent disfigurement;

f) Permanent disability/impairment;

g) Temporary disability/impairment;

h) Loss of household services;

i) Mental anguish; and

j) Emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants, either individually and/or jointly and severally, in an amount as actual or compensatory damages and punitive damages to be determined by the trier of fact together with all costs assessed herein. If the Plaintiff has prayed for improper or insufficient relief, the Plaintiff further respectfully requests any and all other general relief determined to be appropriate by the Court.

THIS the 21st day of February 2024.

        Respectfully submitted,

        WILLIAM D. LATHAM

        By His Attorneys

        DunbarMonroe, PLLC

        *s/ David C. Dunbar*
        David C. Dunbar

OF COUNSEL:
David C. Dunbar (MSB #6227)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS  39157
Office: (601)898-2073
Facsimile: (601)898-2074
Email: dcdunbar@dunbarmonroe.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Louis G. Baine, III.                                         lbaine3@pagekruger.com
Page Kruger & Holland, P.A.
Post Office Box 320999
Jackson, MS  39232-0999

THIS the 21st day of February 2024.

               *s/ David C. Dunbar*
               David C. Dunbar